**GRADY, Adm'r, et al. v. FIRST STATE BANK et al.**
**DROVERS NAT. BANK v. SAME.**

No. 19430.   Opinion Filed May 27, 1930.

Andrews & Aston, for plaintiffs in error.

W. H. Moore, W. J. Hulsey, and Abernathy & Howell, for defendants in error.

HERR, C.   This is an action originally brought in the superior court of Pottawatomie county by Neilson Grady, administrator, and others as heirs at law of Joseph W. Grady, deceased, and Norman Pollan, against the First State Bank of Hartshorne, First State Bank in Hartshorne, C. G. Shull, State Bank Commissioner, Drovers National Bank of Kansas City, Mo., and W. J. Hulsey, to impose a trust upon certain real estate located in said county and to cancel and set aside certain conveyances.

The petition alleges that Joseph W. Grady and Norman Pollan, on June 12, 1912, secured a judgment in the district court of Pottawatomie county against J. W. Bradburn for the sum of $920; that at said time Grady and Pollan were indebted to the Drovers National Bank of Kansas City in the sum of $3,211.40; that said judgment, under a trust agreement, was assigned by said Grady and Pollan to W. J. Hulsey as trustee for the benefit of themselves and the Drovers National Bank, for the purpose of securing said bank for said indebtedness; that it was provided by the terms of said trust agreement that, after payment of said indebtedness to said defendant Drovers National Bank, the judgment thereby assigned should be reassigned to and become the property of plaintiffs; that subsequent to the execution of said trust agreement, the cause in which the judgment was rendered was transferred to the superior court of Pottawatomie county, and that W. J. Hulsey, trustee as aforesaid, caused an execution to issue out of the said court and levied the same upon certain lands lying in said county and belonging to said judgment debtors, for the purpose of enforcing the judgment lien against the same; that said premises were thereafter sold under said execution; that the First State Bank of Hartshorne became the purchaser thereunder, and that such sale was by the court confirmed and a sheriff's deed executed to said First State Bank. It is further alleged that the First State Bank of Hartshorne paid nothing for said premises at said sale; that a pretended bid was made at said sale in the sum of $500, but that, in truth and fact, nothing was paid on said bid. It is further alleged that, in order to defraud plaintiffs and defendant Drovers National Bank, a conspiracy was entered into by defendant W. J. Hulsey, trustee, and said bank for the purpose of conveying title in and to said premises in said bank. It is further alleged that the premises in question were sold at the instance of W. J. Hulsey, trustee, and

his attorney, T. G. Cutlip, who were purporting to represent the interests of plaintiffs and defendant Drovers National Bank, but that said parties were, in truth and in fact, representing the First State Bank of Hartshorne; that they made a pretended bid on said land at said sale, ostensibly for the benefit of plaintiffs and said Drovers National Bank, but, in truth and fact, for the benefit of said First State Bank of Hartshorne; that nothing was ever paid on said bid; that the proceedings were secretly conducted; that neither Hulsey, the trustee, nor his attorney, Cutlip, at any time advised plaintiffs or defendant Drovers National Bank of the proceedings; that they made no bid at the sale for their benefit, notwithstanding they were purporting to sell the land for the benefit of these parties.

It is further alleged that said First State Bank of Hartshorne and W. J. Hulsey, trustee, entered into an agreement to divide between themselves any profits that might accrue to the bank through the purchase of said premises under the execution sale.

It is alleged that, subsequent to the alleged sale, the First State Bank of Hartshorne was reorganized, and was thereafter known as the First State Bank in Hartshorne; that said bank subsequently became insolvent and its assets were taken over by defendant C. G. Shull, Commissioner, and that said Bank Commissioner claims said premises as a part of the asset of said bank.

Defendant Drovers National Bank, in its cross-petition, sets up its interest in the above judgment by it acquired under and by virtue of the terms of the trust agreement, claims a lien against the premises in question by reason thereof, and pleads as fraud the same set of facts as pleaded by plaintiffs. The prayers of the petition and cross-petition, in effect, are that said sale be set aside and the title in and to said premises be decreed to be held in trust for their benefit.

The trial court sustained defendants' demurrers to this petition and cross-petition and dismissed the same. Plaintiffs and cross-petitioner, Drovers National Bank, appeal. The appeals are here consolidated.

Numerous legal propositions are discussed by counsel for appellants, but, inasmuch as appellees, in the main, seek to sustain the judgment of the trial court upon the ground that plaintiffs' petition and defendant's cross-petition allege mere conclusions of law and plead no facts tending to support such conclusions, we deem it unnecessary to discuss these propositions.

In our opinion, the petition and cross-petition are not subject to the objections made against them. We think facts sufficient are pleaded to constitute fraud. Possibly these pleadings would have been subject to a motion to make more definite and certain, but they are certainly good as against a general demurrer. The allegations as to fraud and conspiracy do not rest upon mere naked legal conclusion, but facts sufficient are pleaded to constitute fraud and conspiracy.

In the case of Smith v. Page, 117 Okla. 223, 246 Pac. 217, it is said:

"Where the allegations of the petition state facts sufficient to show fraud as a matter of law, or where the allegations of the petition state facts sufficient to justify the inference of fraud therefrom in equity, a demurrer to such petition should be overruled, if the allegations of the petition state a cause of action generally, because upon demurrer to the petition the demurrer admits all facts well pleaded in the petition, and all inference which may be reasonably drawn therefrom."

This rule is well established, and we deem it unnecessary to cite further authorities in support thereof.

It is further contended that a copy of the judgment, which it is asserted became a lien upon the premises here involved, and a copy of the order confirming the sale and the sheriff's deed executed thereunder should have been attached to the pleadings; that these instruments were not attached and the demurrers, for this reason, should be sustained. Defendants cite no authorities sustaining their contention that copies of these documents should have been attached to the pleadings, and we do not, therefore, decide this question, but, assuming that they should have been so attached, the failure so to do could not be reached by general demurrer. Inc. Town of Sallisaw v. Chappelle, 67 Okla. 307, 171 Pac. 22; Milburn v. Miners' & Citizens Bank, 101 Okla. 281, 226 Pac. 42.

Judgment should be reversed and the cause remanded, with directions to overrule the demurrers, to reinstate the case, and proceed further not inconsistent with the views herein expressed.

TEEHEE, HALL, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 21 R. C. L. p. 506; R. C. L. Perm. Supp. §5066. (2) 21 R. C. L. p. 475, R. C. L. Perm. Supp. p. 5061. See "Pleading," 49 C. J. §484, p. 383, n. 49; §544, p. 436, n. 68; §943, p. 665, n. 64. "Trusts," 39 Cyc. 623, n. 61.