## SCHMIDT et al. v. NASH.

No. 33622.    Feb. 14, 1950.

Rehearing Denied May 2, 1950.

*217 P. 2d 830.*

L. K. Pounders, of Bristow, for plaintiffs in error.

Kermit Nash, of Drumright, pro se.

HALLEY, J. F. Lamar Schmidt and Jack A. Kirton, together with C. Doyle Watson, owned an oil and gas lease on 20 acres of land in Creek county, Okla. On September 6, 1946, these three men entered into a written agreement with E. M. Haworth and Kermit Nash, doing business as Haworth and Nash, Drilling Contractors. Haworth and Nash

owned and operated a Starr (L type) drilling machine. In consideration of Schmidt, Kirton and Watson's assigning to them a three-eighths interest in the leasehold and also paying one-half of all costs of drilling a well to and into the Dutcher sand, Haworth and Nash agreed to and did drill a well to such depth. The parties will be referred to here according to the positions they occupied in the trial court.

From the evidence it appears that the plaintiff advanced from his own funds the necessary money for the drilling of the well, the sum of $6,795.84. C. Doyle Watson paid Nash $851.52 on his part of these drilling costs. Defendants Schmidt and Kirton refused to pay, and he sued all three defendants. Watson made no appearance, and judgment was entered against him for $281.12, the unpaid balance on his one-sixth of the drilling costs. A trial was had, at the close of which the trial judge instructed the jury to return a verdict of $1,132.64 each against defendants F. Lamar Schmidt and Jack Kirton and for one-third of the costs, which was done and a judgment rendered thereon. The defendants Schmidt and Kirton appealed.

The defendants make seven assignments of error, but have elected to discuss them under four heads, as follows:

(1) Demurrer to the petition for defect of parties plaintiff should have been sustained.

(2) Plaintiff Nash failed to prove the alleged oral agreement.

(3) There was no consideration for the alleged oral agreement.

(4) Plaintiff Nash was never a member of the joint adventure.

The other three assignments of error not covered by the foregoing propositions have been abandoned.

On defendants' first alleged error, "Demurrer to the petition for defect of parties plaintiff should have been sustained", we have this to say: It appears from the petition and from the evidence that the plaintiff paid the drilling costs from his own pocket, and that E. M. Haworth, his partner, paid nothing. We see no reason why Haworth should be a party. He had no claim to the money and apparently made none. We said in Helmerich & Payne, Inc., v. Keeney, 178 Okla. 32, 61 P. 2d 709:

"A proper party plaintiff is one who has an interest in the subject matter of the action, and is interested in the relief demanded, and one who has no interest in the subject matter of the action, or who is not interested in the relief demanded, is not a proper party plaintiff. The real party in interest is the person who will be entitled to the benefits of the action if successful; one who is actually and substantially interested in the subject-matter, as distinguished from one who has only a nominal, formal, or technical interest in or connection with it."

The plaintiff Kermit Nash was the real party in interest in this action. 12 O. S. 1941 §221 was fully met here.

In regard to defendant's second assignment of error, "Plaintiff Nash failed to prove the alleged oral agreement": The plaintiff, E. M. Haworth and the defendants entered into a joint adventure in the drilling of this well. There was nothing in the contract to indicate that the contracting parties were anything other than joint adventurers. See 48 C.J.S., Joint Adventures, §§1 & 2. We cannot see that it is material whether or not Haworth and Nash were actually partners. The contract entered into was signed by them individually. We held in Smith, Adm'r, v. Burt et al., 150 Okla. 34, 300 P. 748, that a member of a joint adventure who has legally advanced his money for the benefit of the joint adventure may have judgment against the other joint adventurers for their proportionate parts. To the same effect is Wertzberger v. McJunkin, 171 Okla. 528, 43 P. 2d 729. This statement is made in 48 C. J. S., Joint Adventurers, §10:

"While joint adventurers are not liable to each other for repayment at all events for money advanced for use in the joint adventure, in the absence of waiver or estoppel, a member of a joint adventure is entitled to contribution or reimbursement for all expenditures made in the ordinary course of the affairs of the enterprise."

We do not think it was necessary for plaintiff to prove an oral agreement, since the defendants were bound by the written agreement, and the fact that plaintiff was required to elect whether he was seeking to recover on the written or oral contract is immaterial, since the plaintiff had a right to rely on the written contract.

As to the defendants' third contention, that there was no consideration for the oral contract, we do not think that merits discussion, because there was consideration for the written contract under which we hold the defendants were bound.

For its fourth contention, defendants' brief-claims that Nash was not a member of the joint adventure, but the written contract shows that he was a party to it. The defendants were the first parties to the contract, and E. M. Haworth and Kermit Nash were the second parties. The partnership of Haworth and Nash was not mentioned. Even though Nash and Haworth were a partnership, we see no vice in one member thereof advancing his own funds to the joint adventure and being reimbursed therefor by the other joint adventurers.

There was no evidence offered to deny that the money the plaintiff claimed reimbursement for was spent in the drilling operations. There was nothing to submit to the jury, and no error was committed in directing a verdict.

There was a supersedeas bond filed in this case, in which the United States Fidelity & Guaranty Company was surety. The plaintiff is given judgment against the surety as well as against the defendants.

Judgment affirmed.