Frederick SCHOENFELD, Plaintiff in Error,

v.

Clarice BLAIR, Defendant in Error.

No. 39261.

Supreme Court of Oklahoma.

Oct. 31, 1961.

Rehearing Denied Nov. 21, 1961.

William R. Burkett, Woodward, for plaintiff in error.

George W. Wulff, Oklahoma City, Carl H. Smith, Jr., Woodward, for defendant in error.

WELCH, Justice.

This appeal is by defendant Schoenfeld from an adverse judgment for damages to personal property resulting from a collision between automobile driven by defendant, and trailer house being pulled by Kenneth R. Blair, son of plaintiff.

The only question raised by defendant on appeal is that the evidence of plaintiff is not sufficient to sustain the verdict, because plaintiff not shown to be proper party plaintiff.

In his argument defendant contends that evidence did not prove plaintiff to be the owner of damaged property, and that she was wrong party plaintiff. He cites Jantzen v. Emanuel German Baptist Church, 27 Okl. 473, 112 P. 1127, to support said argument. That action was for replevin and the only portion of the opinion referred to by defendant for support is wherein the court stated it was erroneous to permit a witness

to testify as to his conclusion as to ownership of property based on certain facts.

We cannot agree that said case supports contention of defendant.

The evidence here reveals that the trailer house, which is the personal property involved, was purchased by Floyd Blair and Clarice Blair, husband and wife, on May 3, 1954, and was turned over to their son, Kenneth Blair, for him and his family to use in lieu of renting a house. The title was taken in the name of Floyd Blair, and Kenneth paid to his father and mother the sum of $50 a month, the amount he would have had to pay for house rent. On January 18, 1957, the title to the said trailer was assigned to Kenneth Blair by Floyd Blair. The accident occurred December 21, 1956. Floyd Blair died sometime after transfer of title, and before this action was filed. From the testimony of both plaintiff and Kenneth Blair the house trailer was considered by both of them to be the property of plaintiff, and the record reveals that both had an equitable interest therein, although title had been assigned to Kenneth after the accident.

■ The evidence clearly reveals that plaintiff was entitled to the benefits of the action if successful. In view of the testimony of Kenneth Blair to that effect no one else could have been entitled thereto.

We are of the opinion that there was competent evidence to show that plaintiff had the right to receive and control the fruits and benefits of the litigation.

■ Where such is shown the statutory requirement that action be brought in the name of the real party in interest has been satisfied. Sunshine Oil Co. v. Chantry, 186 Okl. 49, 96 P.2d 20; Helmerich & Payne v. Keeney, 178 Okl. 32, 61 P.2d 709, and Schmidt v. Nash, 203 Okl. 21, 217 P.2d 830.

Therefore, for the reasons above stated, the judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.

IRWIN, J., concurring specially.

IRWIN, Justice (concurring specially).

In addition to the facts set forth in the majority opinion, in my judgment, other parts of the record are pertinent.

The trial court instructed the jury that the burden of proof was on the plaintiff to establish by a preponderance of evidence that she was the owner of the house trailer at the time of the accident and that every action must be brought and prosecuted by the real party in interest.

Three interrogatories were submitted to the jury. Interrogatory No. I being: "Who do you find, from the preponderance of the evidence, was the owner or owners of the house trailer at the time of the accident?" The jurors' answer, signed by the foreman and ten other jurors, was Mrs. Clarice Blair, the plaintiff.

I therefore concur specially.