**MARYLAND CASUALTY COMPANY,**
Plaintiff in Error,

v.

**Tom KING, dba K & K Ready-Mix Concrete Company, Defendant in Error.**
No. 40022.

Supreme Court of Oklahoma.
April 23, 1963.

Floyd L. Walker, Tulsa, for plaintiff in error.

Holliman, Brewer & Worten, Bartlesville, for defendant in error.

BERRY, Justice.

The parties, who appear here in the same relative position as in the trial court, will be referred to herein as they appeared in said court.

In so far as material, plaintiff alleged in its petition that in September, 1956, it executed, as surety, a performance and maintenance bond in which Color Rite Concrete Company, a corporation, hereafter referred to as "Color Rite", was principal and Bartlesville Land and Development Co., hereafter referred to as "Land Co.", and the City of Bartlesville were obligees; that by the terms of the bond Color Rite and plaintiff "agreed to construct and maintain in good repair paving in the 5th Addition to Pennington Hills Addition to (Bartlesville) in good condition for a term of five (5) years" from date of bond; that a copy of the bond was attached to the petition as "Exhibit A"; that prior to May, 1960, the paving had deteriorated; that on said date the named obligees made demand upon Color Rite and plaintiff to comply with the provisions of the bond by repairing the paving; that Color Rite "wholly defaulted in the terms, conditions, and obligations of the bond" ; that plaintiff complied with the demand; that it expended $8,794.50 in "repairing and maintaining" the paving; that defendant and Color Rite entered into a written agreement, a copy of which was attached to the petition as "Exhibit B", by the terms of which defendant agreed to furnish ready-mix concrete for use by Color Rite in performing its contract with the obligees of the bond; that defendant warranted that the concrete furnished by them would meet the specifications imposed by Bartlesville which were that the "concrete must have a minimum breaking strength of three thousand five hundred (3,500) pounds per square inch" ; that the concrete furnished by defendant did not meet conditions of the specifications in that the breaking strength thereof was less than 3,000 pounds per square inch; "that it had a high and excessive amount of shale in the course aggregate, which materially weakened the structural strength of the concrete, and subjected it to rapid and accelerated deterioration" ; that plaintiff was subrogated to the rights of Color Rite and Bartlesville "for the recovery of damages which they might be entitled to recover because of (defendant's) breach of express warranty or implied warranty in furnishing materials for the concrete paving." In its first cause of action plaintiff sought to recover from defendant $8,749.50 as damages resulting from defendant's breach of the alleged express warranty. In its second cause of action plaintiff sought to recover the mentioned amount as damages resulting from defendant's alleged breach of implied warranty as to fitness of concrete furnished.

Defendant interposed a demurrer to plaintiff's petition which was based on proposition that (1) facts alleged failed to state a cause of action, and (2) that facts alleged showed a "defect of parties plaintiff".

It appears that the demurrer was sustained upon the grounds first above mentioned. Plaintiff requested leave to amend its petition in certain particulars, which request was granted. Defendant then renewed that portion of its demurrer which was based upon proposition that facts alleged in petition as amended failed to state a cause of action. This demurrer was sustained. Upon plaintiff's electing to stand upon the allegations of its petition as amended, its actions were dismissed. From order of dismissal, plaintiff perfected this appeal.

For reversal plaintiff contends that (a) "The contractor who buys ready-mix concrete, and the city for whom a street is being paved has a cause of action against a materialman for damages sustained as a result of breach of express warranty, and a breach of implied warranty of fitness," and that "Surety on a contractor's bond is subrogated to all rights and causes of action of its principal and to all rights and causes of action of the obligee of the bond."

Defendant counters the contentions of plaintiff and submits that these questions are presented: "First, was Color-Rite, the other party to the King Color-Rite contract which was alleged to have been breached and for which breach Maryland sought a personal judgment, a necessary party? and Second, does the petition of Maryland for money judgment against King for his alleged breach of contract to which Maryland was not a party, state a cause of action?"

■ In view of the fact that the demurrer to the petition as amended was based wholly on the proposition that facts alleged therein did not state a cause of action, defendant is not in a position to here urge that there was a defect of parties plaintiff. See A. Helm & Son v. Briley, 17

Okl. 314, 87 P. 595, where it was said in the second paragraph of the syllabus that "Under the requirement of the Oklahoma statute that a demurrer shall specify distinctly the grounds therefor, a question of defect of parties, which is made a ground of demurrer, cannot be raised under a general demurrer alleging simply a want of facts sufficient to state a cause of action."

■ Since the conclusion reached herein will necessitate trial of the case below, we point out that on repeated occasions we have held that the "real party in interest" is the one entitled to the proceeds of a claim and that one who has only a nominal, formal or technical interest in the claim is not a necessary party. See Schmidt et al. v. Nash, 203 Okl. 21, 217 P.2d 830 and McMahan et al. v. McCafferty, 205 Okl. 656, 240 P.2d 443. From the facts pleaded it appears that plaintiff and not Color Rite was the real party in interest and that plaintiff could therefore maintain its action against defendant without making Color Rite a party.

■ Defendant argues that it was incumbent upon plaintiff to clearly and distinctly state facts in its petition which would establish its asserted right to subrogation; that plaintiff failed to attach a copy of its contract with Bartlesville and Land Company which allegedly provided that the concrete should be of a stated strength therefore, plaintiff did not state a cause of action in its petition.

As pointed out, it is stated in "Exhibit B" that defendant agreed to furnish concrete "as per City of Bartlesville specifications" and plaintiff pleaded that under said specifications the minimum breaking strength of the concrete must not be less than 3,500 pounds per square inch. It follows that defendant is in effect arguing that failure on plaintiff's part to attach a copy of Color Rite's contract with Bartlesville and Land Co., which would show the mentioned specifications, resulted in a cause of action not being stated (we assume in plaintiff's first cause of action) in the petition as amended. Failure to attach a copy of the contract did

not render the petition subject to demurrer. See Grady et al. v. First State Bank of Hartshorne et al., 143 Okl. 268, 288 P. 481, and cited cases. Moreover, the second cause of action was not based upon the alleged warranty in the written contract between defendant and Color Rite.

As indicated, defendant argues that there was no privity between defendant and Bartlesville or Land Company and defendant is not liable to latter for breach of contract with former; that since there was no privity of contract, plaintiff has no cause of action as Color Rite's surety against defendant. We are unable to agree.

■ In Fourth Nat. Bank of Tulsa v. Board of Com'rs of Craig County et al., 186 Okl. 102, 95 P.2d 878, we said in the fourth paragraph of the syllabus that "Subrogation is an equitable doctrine to compel the ultimate discharge of an obligation by the party who in good conscience ought to pay it", and in the second paragraph of the syllabus to Smith et al. v. Minter et al., 200 Okl. 208, 191 P.2d 929, this was said:

> "The principle to be derived from the doctrine of subrogation is that it is born of equity, and results from the natural justice of placing the burden where it ought to rest. It does not flow from any fixed rule of law, but rather from principles of justice, equity, and benevolence. It is a purely equitable result, depending, like other equitable doctrines, upon the facts and circumstances of each particular case to call it forth."

At p. 685, Sec. 7, 50 Am.Jur. "Subrogation", it is said that the equitable doctrine of subrogation has been liberalized "and its development has been the natural consequence of a call for application of justice and equity to particular situations. * * * As now applied, it is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter. * * * The doctrine of subrogation embraces all cases where, without it,

complete justice cannot be done. Bottomed on this premise, there is, it has been said, no limit to the circumstances that may arise in which the doctrine may be applied. Whenever a court of equity will relieve against a transaction, it will do so by subrogation if that is the most efficient and complete remedy which can be afforded."

In Alberti v. Moore et al., 20 Okl. 78, 93 P. 543, 547, 14 L.R.A.,N.S., 1036, we quoted with approval from Davis et al. v. Schlemmer, Adm'r, 150 Ind. 472, 50 N.E. 373, 375 as follows:

> "* * * 'The right of subrogation is not founded upon contract, express or implied, but upon principles of equity and justice, and is broad enough to include every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, and which in good conscience and equity should have been paid by the latter. * * *'" (citing cases)

See also 50 Am.Jur. "Subrogation", Sec. 8, p. 686.

■ Defendant argues that under 15 O.S.1961 §§ 381 and 382, plaintiff's sole remedy was to proceed against Color Rite. To our way of thinking, the cited statutes were not intended to abrogate or limit the equitable doctrine of subrogation. As bearing upon this contention see Grubbs v. Slater (Ky.), 266 S.W.2d 85, 86, where it was said that a Kentucky statute of the same general purport as the cited statutes "was not intended to restrict but to enlarge the equitable doctrine of subrogation and the common-law rule of contribution."

■ We are of the opinion that the facts pleaded in plaintiff's petition show that Color Rite had a cause of action against defendant to recover damages directly resulting from latter's breach of the warranty provisions of his contract with Color Rite; that fact that plaintiff was not a party to the contract does not serve to render inapplicable the doctrine of subrogation; that upon plaintiff, as Color Rite's surety, being compelled to satisfy the obligation of Color Rite to Bartlesville and Land Co., and there-

fore remedy the situation resulting from defendant's failure to furnish concrete of the quality called for in defendant's contract with Color Rite, plaintiff, under the doctrine of equitable subrogation can maintain against defendant the action which arose because of the mentioned breach.

The order appealed from is reversed and case is remanded with directions to overrule defendant's demurrer and to otherwise proceed in accordance with the views herein expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.