**Mildred LAND and Grover M. Land, Appellants,**

v.

**TRANSPORT INDEMNITY COMPANY, a foreign insurance corporation, Appellee.**

**No. 70622.**

Court of Appeals of Oklahoma, Division No. 3.

April 17, 1990.

Jack B. Sellers, Jack B. Sellers Law Assoc., Inc., Sapulpa, and Joe A. Moore, Holladay, Tenn., for appellants.

Kenneth R. Webster, McKinney, Stringer & Webster, P.C., Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

On February 19, 1988, an Oklahoma County jury returned its verdicts in favor of Mildred and Grover M. Land against Transport Indemnity Company. The trial court entered judgment on those verdicts, adding pre-judgment interest from February 3, 1983 to the date of verdict at 9.95% per annum, the interest rate in effect on the date of the verdicts. The Lands appeal that judgment questioning only the amount of pre-judgment interest.

The Lands contend the trial court erred in two respects: (1) in failing to compute interest from the date they filed their first action in Creek County, and (2) in failing to adjust the rate to reflect changes in interest rate during pendency of the action.

■ The Lands candidly admit the second issue has been settled in *Timmons v. Royal Globe Ins. Co.*, 713 P.2d 589 (Okla. 1985) and *Fleming v. Baptist General Convention*, 742 P.2d 1087 (Okla.1987), but ask for a fresh consideration. If such a consideration is needed, most assuredly it is not the province of this Court, and this allegation of error must be rejected.

They also contend the trial court chose the wrong date to start pre-judgment interest. On February 22, 1982, the Lands filed a suit against Transport in Creek County, arising out of the same facts. Transport removed that action to U.S. District Court on August 31, 1982, and the action was dismissed without prejudice by stipulation on February 3, 1983. This lawsuit was filed February 10, 1983 in Oklahoma County. The Lands argue pre-judgment interest should be calculated from February 22, 1982, the date they first made a "judicial demand" for relief.

The Lands recognize the application of pre-judgment interest is controlled by 12 O.S.Supp.1986 § 727(A)(2), which provides, in part, that the Court:

".... shall add interest on said verdict at a rate prescribed pursuant to subsection B of this section from the date **the suit was commenced** to the date of verdict...." (Emphasis added).

The Lands say the court should look to the underlying purpose of this statute in order to construe it, and in essence, replace the

**120**

words "the suit was commenced" with words such as "judicial demand was made". We cannot do so.

■ The goal of statutory construction is to follow the legislative intent, and we must presume the legislature expressed its intent in a statute and intended what it expressed. *Darnell v. Chrysler Corporation*, 687 P.2d 132 (Okla.1984). In the absence of a contrary definition of common words used in a legislative act, we must assume the legislature intended for them to have the same meaning as that attributed to them in ordinary and usual parlance. *State ex rel. Cartwright v. Georgia Pacific Corp.*, 663 P.2d 718 (Okla.1982). When these rules are followed and the intent of the legislature is plainly expressed in the statute, there is no room for construction or further inquiry. *Hughes Drilling Co. v. Morgan*, 648 P.2d 32 (Okla.1982).

■ We believe the legislature has plainly expressed its intent. The commencement date for pre-judgment interest is the date on which the suit which results in a verdict is filed. Webster's Third International Dictionary (1986) defines the word "the" as a ".... function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned, or clearly understood from the context or the situation." Black's Law Dictionary, Revised Fourth Addition (1968), identifies the word "the" as "an article which particularizes the subject spoken of" and further defines the word "suit" as a ".... proceeding by one person or persons against another or others in a court of justice...." Like the separate suits involved in *Parker v. O'Rion Industries, Inc.*, 769 F.2d 647 (10th Cir.1985), the Oklahoma County suit which resulted in the verdict for the Lands was a separate and distinct legal proceeding from the lawsuit originally filed in Creek County.

The Lands cite three cases from Louisiana which are inapplicable. The Louisiana statute for pre-judgment interest explicitly provides for interest to start on the day of "judicial demand", *Burton v. Foret*, 498 So.2d 706 (La.1986). The other cases cited by the Lands do not involve two separate legal proceedings.

The legislature has clearly indicated its intent that pre-judgment interest mandated under 12 O.S.Supp.1986 § 727(A)(2) commence on the date the lawsuit which results in the verdict is filed. The trial court correctly calculated pre-judgment interest.

AFFIRMED.

HANSEN, P.J., and BAILEY, J., concur.