972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FARMERS ALLIANCE INSURANCE COMPANY, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellee.
 No. 91-7125.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Farmers Alliance Insurance Company filed this diversity suit against Defendant-appellee Commercial Union Insurance Company, seeking payment for costs incurred by Farmers in its legal defense of a common insured, Herman Roberts. Roberts was sued in Okmulgee County, Oklahoma, for alleged wrongful conduct in connection with certain oil and gas properties. At the time the suit was filed, Roberts was insured by Farmers under a property and liability policy. The complaint in the county action alleged no date of loss or occurrence. Based on the allegations in that complaint, Farmers undertook Roberts' defense in the case. Subsequent discovery indicated that the date of occurrence pre-dated Farmers' coverage. Previous to his policy with Farmers, Roberts was insured for property damage and liability by Commercial. At no time did Farmers and Commercial insure Roberts concurrently.
 
 
 3
 Farmers made demand of Commercial to assume Roberts' defense. Commercial denied coverage in a letter to Roberts dated one week before the scheduled county court trial. Roberts sought and obtained a continuance to join Commercial in the county action. Both Roberts and Farmers filed actions in federal district court against Commercial; the cases were consolidated. Farmers continued to defend Roberts through the county trial, where Roberts was found liable for $48,050.00.
 
 
 4
 After the county trial, Roberts filed a motion to voluntarily dismiss his claims against Commercial. Farmers' claims against Commercial remained. Farmers alleged in its complaint that Commercial's inaction in responding to Farmers' demands and its failure to participate in Roberts' defense amounted to bad faith, and asserted a claim under implied indemnity for payment of the amounts it had spent in defending Roberts. Commercial filed a motion to dismiss for failure to state a claim, essentially contending that lack of contractual privity precluded any action by Farmers for payment of its legal fees, and asserting that Farmers' defense of Roberts was voluntary. After Farmers responded, the district court granted the motion.
 
 
 5
 Subsequently, Farmers filed a self-styled Motion to Reconsider Ruling of the Court, Motion for New Trial, Motion for Leave to Amend Complaint, and Motion for Relief from Judgment. In its accompanying brief, Farmers contended that the district court had failed to address its allegations of bad faith. Additionally, it sought leave to amend its complaint to include a claim for equitable subrogation, attaching a copy of its amended complaint. After Commercial's response, the district court denied Farmers' motion in a minute order.
 
 
 6
 On appeal, Farmers contends: 1) the district court erred in dismissing its complaint because it stated a valid claim for implied indemnification, and 2) the district court abused its discretion in denying Farmers leave to amend to state a claim for equitable subrogation. Our jurisdiction over this case arises from 28 U.S.C. § 1291. Because we agree with Farmers' second contention, we reverse the district court's judgment and remand the case.
 
 
 7
 Farmers' Motion to Reconsider Ruling of the Court, Motion for New Trial, Motion for Leave to Amend Complaint, and Motion for Relief from Judgment was filed within ten days of the filing date of the district court's order granting Commercial's motion to dismiss; therefore, we construe it as a tolling motion under Fed.R.Civ.P. 59. See Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir.1988). We review the district court's rulings on such motions, as well as its ruling on motions to amend, under an abuse of discretion standard, see Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992) (Rule 59(e) motion); LeaseAmerica Corp. v. Eckel, 710 F.2d 1470, 1473 (10th Cir.1983) (leave to amend).
 
 
 8
 In granting Commercial's motion to dismiss for failure to state a claim, the district court relied on a lack of contractual relationship between Farmers and Commercial, and stated that Farmers had no duty to defend Roberts and its continuing defense of Roberts was "completely voluntary." In holding Farmers' claim for implied indemnity invalid, the district court stated "there was no contractual or special relationship between [Farmers and Commercial]" and ruled that Commercial's failure to defend "did not impute or constructively fasten a duty upon [Farmers] to defend Roberts." The district court provided no reasoning for denying Farmers' post-judgment motions.
 
 
 9
 Even were we to assume that the district court's order is correct in dismissing Farmers' arguments on implied indemnity for failure to state a claim, we believe that Farmers' proposed amended complaint states a valid claim under Oklahoma law for equitable subrogation. See generally Republic Underwriters Ins. Co. v. Fire Ins. Exch., 655 P.2d 544, 546 (Okla.1982). Lack of contractual privity does not preclude Farmers from stating an equitable subrogation claim. See Sexton v. Continental Casualty Co., 816 P.2d 1135, 1138 (Okla.1991); see also American Nat'l Bank & Trust Co. v. Weyerhaeuser Co., 692 F.2d 455, 463-64 (7th Cir.1982) (remanding in light of "overly narrow" interpretation of legal obligation under equitable subrogation claim; equitable basis for this cause of action implies a looser standard than a "fully choate legal liability").
 
 
 10
 Commercial contends, as the district court stated in its order in connection with its discussion of implied indemnity, that Farmers continued to pay for Roberts' defense voluntarily. If true, that finding could be fatal to Farmers' equitable subrogation claim, see Weir v. Federal Ins. Co., 811 F.2d 1387, 1394 n. 4 (10th Cir.1987) (citing Commercial Union Ins. Co. v. Postin, 610 P.2d 984, 987 (Wyo.1980)). Nonetheless, the voluntariness of Farmers' payment is a factual issue that cannot be decided at this juncture, see Weir, 811 F.2d at 1394, as contrary allegations and evidence in support of each position have been asserted by the parties, see also id. at 1395 (payment is not voluntary if made with "a reasonable or good faith belief in an obligation or personal interest"); Meckel v. Continental Resources Co., 758 F.2d 811, 814 n. 1 (2d Cir.1985) (interest in avoiding litigation is a protected interest which may support a subrogation claim); American General Fire & Casualty Co. v. Progressive Casualty Co., 799 P.2d 1113, 1116 (N.M.1990) (duty of insurer to defend arises from face of complaint; once representation begins, volunteer status precluded).
 
 
 11
 Leave to amend should be granted freely when justice requires. Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir.1990). Unless an attempt to amend would be futile, see Drake v. City of Ft. Collins, 927 F.2d 1156, 1163 (10th Cir.1991), failure to give reasons for denying leave to amend can constitute an abuse of discretion, see Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir.1987). Commercial has alleged that prejudice would result should Farmers be allowed to amend and proceed on an equitable subrogation claim, but has not supported its allegation. Because the facts contained in Farmers' original complaint can support a valid claim for equitable subrogation, and in light of the early procedural setting of this case and the authorities cited above, we hold that the district court's denial of Farmers' motion for leave to amend was an abuse of its discretion.
 
 
 12
 The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3