## In re GUARDIANSHIP OF PRUITT.

**Sid TOLBERT, Guardian of the Person and Estate of Ottis A. Pruitt, an incapacitated person, Appellant,**

v.

**Ottis A. PRUITT, Ward, and His Next of Kin, Beatrice Pruitt Nix and Dee Pruitt, Appellees.**

No. 78697.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 24, 1992.

## OPINION

HUNTER, Judge:

In January, 1990, Ruby A. Pruitt, the second wife of Ottis A. Pruitt, petitioned the district court to appoint a guardian for Ottis, who was admitted to a nursing home when he became physically and mentally impaired. Appellant Sid Tolbert was appointed guardian and supervised the guardianship account consisting of Ottis' mineral leasehold and monthly royalty payments. Because these funds were initially adequate to pay Ottis' nursing bills, his social security benefits and interest from two certificates of deposit, which he held in joint tenancy with his two children, Beatrice Pruitt Nix and Dee Pruitt, were deposited into a joint checking account Ottis shared with Ruby. Ruby paid her personal living expenses out of the joint checking account. When the guardianship account was depleted, Tolbert petitioned the district court to allocate the principal and interest from the two certificates of deposit as well as

Ottis' social security benefits into the guardianship account, (1) for Ottis' care and maintenance, and (2) to support Ruby. Ottis' attorney and his two children objected to the guardianship paying Ruby's support from Ottis' separate income. Upon hearing, the trial court ordered that these funds be allocated to the guardianship account for Ottis' care and maintenance, and denied Tolbert's request to pay to Ruby's support from Ottis' separate funds because Ruby failed to show that she is in need and without assets of her own.

As Ottis' guardian, Tolbert now appeals the trial court's denial of support to Ruby based upon 43 O.S.1991, § 202, which requires a husband to support his wife out of his separate property. Appellees claim Tolbert, as guardian for Ottis, has no standing to challenge the denial of support for Ruby and the appeal should be dismissed. Tolbert responds that as guardian, he must follow the law, and he seeks direction from the court regarding whether Ruby should be supported from Ottis' separate property.

■ The function of a guardianship is to handle the person and property of the ward. *In re Guardianship of Campbell,* 450 P.2d 203 (Okl.1966). As guardian, Tolbert is legally required to manage his ward's estate frugally and to apply the income and profits as necessary "for the comfortable and suitable maintenance and support of the ward, and his family...." 30 O.S.1991 § 4–705. Accordingly, Tolbert has an interest in the subject matter of the action and is interested in the relief demanded, making him a proper party to this appeal. *Schmidt v. Nash,* 203 Okl. 21, 217 P.2d 830 (1950). Appellees' motion to dismiss the appeal is denied.

■ Tolbert asserts the trial court erred in denying Ruby's support because 43 O.S.1991, § 202 makes no requirement that a wife prove need or that she is without assets before she may be supported out of her husband's separate property. While Section 202 does not require such proof, it must be harmonized with 30 O.S.1991, § 3–121(A)(2), which provides in pertinent part:

Subject to the order and the guardianship plan for the management of the financial resources of the ward, a guardian or limited guardian of the property of the ward ... *may expend funds of the estate for the support of persons legally dependent on the ward and others who are members of the ward's household who are unable to support themselves, and who are in need of support.....* (Emphasis ours.)

We find no case law interpreting this provision, but are persuaded by the rules of statutory construction that this subsection requires some type of proof that family members or other persons legally dependent on the ward are in need or unable to support themselves before funds from a ward's estate may be expended by a guardian to pay their support. The goal of statutory construction is to follow Legislative intent, and we must presume that the Legislature expressed its intent in the statute and intended what it expressed. *Land v. Transport Indemnity Co.*, 791 P.2d 118 (Okl.App.1990). Legislative acts are to be construed so as to reconcile their provisions, rendering them consistent and giving intelligent effect to each. *Abbott v. Bd. of Trustees of Oscar Rose Junior College*, 586 P.2d 1098 (Okl.1978). Relevant portions of a statute and related enactments will be considered together to give force and effect to all of them. *Clifton v. Clifton*, 801 P.2d 693 (Okl.1990).

Accordingly, we hold that the Legislature intended that a guardian may expend funds of the ward's estate for the support of a family member dependent upon the ward upon a showing that the family member is unable to support herself and is in need. This interpretation does not conflict with 43 O.S.1991, § 202 or 30 O.S.1991, § 4–705, but requires only that a spouse prove need and inability to support herself before a ward's separate funds in the guardianship account may be disbursed for the spouse's support. Here, the hearing was continued in order for both sides to present evidence regarding support, but no evidence regarding Ruby's need or ability to support herself was ever presented. Under these circumstances, the trial court properly denied Tolbert's request that Ruby's support be paid out of the guardianship account. The trial court's judgment is hereby AFFIRMED.

HANSEN, V.C.J., and BAILEY, P.J., concur.