74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FARMERS ALLIANCE INSURANCE COMPANY, Plaintiff-Appellant,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellee.
 No. 94-7136.
(D.C.No. CV-91-135).
 United States Court of Appeals, Tenth Circuit.
 Jan. 17, 1996.
 
 Before SEYMOUR, TACHA and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 TACHA, Circuit Judge.
 
 
 1
 Farmers Alliance Insurance Company brought this diversity action for declaratory judgment against Commercial Union Insurance Company to recover costs incurred in defending one Herman Roberts in a suit involving pollution damage to property. Farmers Alliance sought equitable subrogation on the grounds that Commercial Union, not Farmers Alliance, was Roberts's insurer at the time the damages occurred. After a bench trial, the district court entered judgment in favor of Commercial Union. Farmers Alliance now appeals. Our jurisdiction arises under 28 U.S.C. 1291, and we affirm.
 
 
 2
 Commercial Union provided homeowner's liability insurance to Roberts from June 1984 to June 1989. From June 1989 to June 1990, Farmers Alliance insured Roberts. In October 1989, Farmers Alliance began defending Roberts in a suit in Oklahoma state court concerning pollution damages allegedly caused by Roberts's injection of salt water into a disposal well. The complaint in that suit did not specify when the damages occurred.
 
 
 3
 In May of 1990, Farmers Alliance discovered that the pollution damages occurred between late 1984 and October 1988, when Commercial Union, not Farmers Alliance, insured Roberts. Farmers Alliance demanded that Commercial Union take over Roberts's defense. Commercial Union declined, arguing both that the Commercial Union policy was not in effect when the damages occurred and that the policy did not cover the damages Roberts caused. Farmers Alliance continued to defend Roberts in the state court trial. The jury found Roberts liable for $48,050.
 
 
 4
 Farmers Alliance then filed this suit in federal district court to recover the costs incurred in defending Roberts. The district court denied Farmers Alliance's claim, and Farmers Alliance appealed. This court remanded to permit Farmers Alliance to bring a claim for equitable subrogation. Farmers Alliance Ins. Co. v. Commercial Union Ins. Co., 972 F.2d 356 (10th Cir.1992). On remand, the district court held that Farmers Alliance defended Roberts on a volunteer basis and, accordingly, was not entitled to recover against Commercial Union. We now review that decision.
 
 
 5
 Because the facts of this case are not in dispute, we review only the district court's conclusions of law. We review such conclusions de novo. Armitage v. City of Emporia, 982 F.2d 430, 431 (10th Cir.1993). The district court correctly stated that, under Oklahoma law, Farmers Alliance could not recover its defense expenditures if it voluntarily defended Roberts. Maryland Casualty Co. v. King, 381 P.2d 153, 157 (Okla.1963); Weir v. Federal Ins. Co., 811 F.2d 1387, 1394 (10th Cir.1987) (applying Colorado law). The expenditures by Farmers Alliance for Roberts's defense were made voluntarily if they were made without "a reasonable or good faith belief in an obligation or personal interest in making [the] payment[s]." Weir, 811 F.2d at 1395. While the damages caused by Roberts did not occur during Farmers Alliance coverage period, Farmers Alliance asserts that it had a good faith belief in its duty to defend Roberts based on three separate recommendations from legal counsel. Each advised Farmers Alliance to defend Roberts. The first opinion, however, stated that if Roberts's actions had occurred outside Farmers Alliance's coverage period then Farmers Alliance would not have a duty to defend. However, Farmers Alliance continued to represent Roberts for about seven months without determining when the pollution occurred. Under these circumstances, Farmers Alliance's decision to represent Roberts was unreasonable. Thus, we concur with the district court's conclusion that Farmers Alliance volunteered the defense costs and is therefore not entitled to equitable subrogation from defendant.
 
 
 6
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3