## EARL W. BAKER & CO. et al. v. MORRIS et al.

No. 25781.    May 28, 1935.

Withdrawn, Corrected, and Refiled June 15, 1935.

Rehearing Denied Feb. 18, 1936.

Thos. H. Owen and Paul N. Lindsey, for petitioners.

A. P. Murrah, Luther Bohanon, J. I. Gibson, and Leonard H. Savage, for respondents.

PHELPS, J. On October 23, 1928, N. Frank Morris, an employee of the petitioners, sustained injuries to his feet while engaged in an occupation within the Workmen's Compensation Act. Thereafter he filed his claim for compensation with the State Industrial Commission. The controversy was settled and closed by an order of the Commission on July 29, 1929, awarding said claimant compensation covering a permanent partial disability of 25 per cent. to the right foot and 20 per cent. to the left foot.

The Legislature then passed an act limiting the time within which the Commission retains jurisdiction to reopen causes upon application based on change in condition. This act was approved on May 3, 1933, and is section 4, chapter 29, Session Laws of 1933, the pertinent part being:

"The jurisdiction of the Commission to reopen any cause upon an application based

upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Commission had the condition of claimant existed at the time original award was made thereon, and unless filed within said period of time, same shall be forever barred."

On May 25, 1934, almost five years after the above-mentioned award, and more than a year after adoption of the above statute, the claimant filed his motion to reopen the cause on account of an alleged change for the worse in the condition of his right foot. Thereupon the Commission made its order of July 10, 1934, finding that claimant had suffered said change in condition and awarding him compensation on the basis of 67 per cent. loss of use of the right foot, minus the amount previously paid him on the basis of 25 per cent. disability.

The petitioners urge two propositions in this original action to review the order and award of July 10, 1934. We consider only the proposition urging that the Commission had lost jurisdiction by reason of the above statute, and we agree with that contention.

Elsewhere in the Workmen's Compensation Act it is prescribed that for the permanent total loss of use of a foot the compensation shall be on the basis of 150 weeks pay. And by the same section (13356, O. S. 1931), a permanent partial loss of use amounting to 67 per cent. would be compensated on the basis of that number of weeks, which is 67 per cent. of 150 weeks, or 100½ weeks. But that basis, which was used by the Commission, is not applicable where there is a permanent partial loss of use in both feet, such as we have here. Both parties to this action have totally failed in their briefs to point out this error.

In American Tank Co. v. State Ind. Comm., 153 Okla. 117, 5 P. (2d) 137, we held:

"Where it appears the claimant has sustained a permanent partial disability to both hands, the percentage of loss to each hand, as determined by the Commission, should be added together, and divided by two; the quotient will be the percentage of the permanent partial disability sustained by claimant for the loss to both hands, on the basis of 500 weeks."

The method which should have been used by the Commission, in accordance with the foregoing authority, would have resulted in an award of 217½ weeks compensation. Therefore, quoting from the act (sec. 4), "had the condition of claimant existed at the time original award was made" (meaning if the present condition had at that time existed), "the number of weeks for which compensation could have been awarded," starting at the date of that order, would have been 217½ weeks.

And the 217½ weeks following the date of the original order, July 29, 1929, completely ran and expired in September of 1933. Thus, since claimant did not file his motion until May 25, 1934, the Commission had lost jurisdiction, and had no jurisdiction empowering it to make its order of July 10, 1934. Even after the passage of the act the claimant had some five months in which, if he had filed his motion, the Commission would have had jurisdiction, assuming that there was a 67 per cent. disability in the right foot.

The claimant insists that it was not the intent of the Legislature to make the statute retroactive. We fail to see where any question of retroaction is involved in this case. The act had been passed, approved, and was in force for over a year before claimant filed his motion to reopen. On the date of the enactment of this statute the claimant, so far as the record shows, had had no change of condition; no right of action had accrued to him. On that date his case stood closed, and in spite of the continuing jurisdiction of the Commission to entertain pleas for increased compensation on account of a change in condition, the act on that date made an end to said unlimited jurisdiction and prescribed the limitation named in the act.

Claimant would have no right to relief whatever, in the absence of negligence by the employer, but for the provisions of the Workmen's Compensation Act. Thus the benefits conferred upon him by the Legislature are purely statutory and may at any time be taken from him by the Legislature. On the strength of the axiom that the greater includes the less, it then becomes manifest that it was within the power of the Legislature, if it had so chosen, to entirely cut off and prevent any new motions to reopen causes or extend compensation on the basis of change in condition, from and after the passage and approval of the act so providing. But the Legislature did not see fit to go that far; it stopped at limiting the Commission's jurisdiction to entertain further motions for reopening, on account of change in condition, to such periods of time as would equal the number of weeks of compensation as would have been allowable if the actual condition, as exist-

ing after the change in condition, had been present on the date of the Commission's original order.

Though not precisely in point, we think the reasoning here involved is substantially consistent with the rule that "where the cause of action involved is one created by statute, and the time for commencing the action is a condition of liability, it is not a statute of limitations and · will operate retrospectively if a contrary intention is not manifest." 37 C. J. 693 and cases cited. To same effect, see 17 R. C. L. 952, 701.· For us to hold that the intent of the Legislature was for the act not to apply until after all of the old cases before the Industrial Commission were out of the way, or that it should not apply to a change in condition occurring over a year subsequent to the enactment, would be to give to the statute a strained and unnatural effect not warranted by its language.

It is manifest that the Commission had no jurisdiction to make the particular order involved, by reason of the aforesaid section 4, chapter 29, S. L. 1933. Accordingly, the award is vacated.

McNEILL, C. J., and BUSBY, WELCH and CORN, JJ., concur.