Patricia Mae WOLFENBARGER, now
Hiles, Petitioner,

v.

SAFEWAY STORES, INCORPORATED,
Own Risk, and Workers' Compensation
Court, Respondents.

No. 73330.

Court of Appeals of Oklahoma,
Division No. 4.

July 24, 1990.

Rehearing Denied Aug. 13, 1990.

Certiorari Denied Oct. 16, 1990.

Lewis A. Berkowitz, Bufogle & Associates, Tulsa, for petitioner.

Paul V. McGivern, Jr., Daniel L. Crawford, McGivern, Scott, Gilliard, McGivern & Robinson, Tulsa, for respondent Safeway Stores.

REIF, Judge.

This appeal concerns the denial of a motion to reopen for change of condition that was filed some 150 weeks after the award. The facts are not in dispute. The only controversy is how long Claimant had to file a motion to reopen following the original award of February 19, 1985, that adjudicated an injury to her great toe with fourteen percent permanent partial disability.

In denying the motion to reopen, the trial court applied the time period to reopen that was in effect at the time of her injury. Claimant was injured on December 9, 1983, at which time 85 O.S.1981 § 43 governed reopening of claims. Under this section jurisdiction to reopen extended for "the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Court had the condition of claimant existed at the time original award was made thereon." Even though Claimant's original award was to the great toe only, the trial court

noted that Claimant's evidence showed a change of condition of ten percent to the foot which would have entitled her to twenty weeks if that condition had existed at the time of the original award. The court held that Claimant had only twenty weeks following the original award to reopen.

Claimant argues that reopening of her claim should be governed by an amendment to section 43 which was in effect at the time her doctor determined there was a serious change of condition that not only affected her great toe, but her foot as well. The amended section 43 provides in pertinent part that the court's jurisdiction to reopen any cause "shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred." 85 O.S. Supp.1989 § 43(C). Claimant points out that the maximum number of weeks that could be awarded for the foot is 200 weeks. 85 O.S.Supp.1989 § 22(3). As previously noted, Claimant's motion to reopen was filed some 150 weeks after the award.

The case of *Earl W. Baker & Co. v. Morris,* 176 Okla. 68, 54 P.2d 353 (1935), concerned the first amendment to the law governing reopening of workers' compensation claims for change of condition. In *Morris,* on the date of the employee's injury and the date of the award of July 29, 1929, there was *no limit* on the time within which a claim could be reopened. On May 3, 1933, the legislature limited the time for reopening a claim to the number of weeks for which compensation could have been awarded had the condition existed at the time of the original award. The amendment also required that an application to reopen be filed within that time limit. Morris filed his motion to reopen on May 25, 1934, which resulted in an award for change of condition. The employer and insurance carrier appealed and the supreme court reversed, holding that the workers' compensation tribunal had lost jurisdiction by reason of the amendment occurring after the award. After computing the cor-

rect number of weeks for the change of condition, the court noted that Morris' motion to reopen was well outside the time period of the amendment. The court held that the amendment would apply to the motion to reopen because no right of action had accrued to him at the time of the amendment, in that he had no change of condition on the date of the amendment. The court observed that the "right to relief" and "benefits" of the Workers' Compensation Act were "purely statutory" and that it was "within the power of the Legislature ... to entirely cut off and prevent any new motions to reopen causes *or extend compensation on the basis of change in condition, from and after the passage and approval of the act so providing."* *Id.* at 69, 54 P.2d at 354 (emphasis added).

The court in *Morris* grounded its application of the amended limiting provision on the rule that "where the cause of action involved is one created by statute, and the time for commencing the action is a condition of liability, it is not a statute of limitations and will operate retrospectively if a contrary intention is not manifest." *Id.* at 70, 54 P.2d at 355 (citations omitted). The court concluded that there was no intention that the amendment was "not to apply until after all of the old cases ... were out of the way." *Id.*

▆▆▆▆ From this bedrock case law, it is clear that the law governing reopening claims for change of condition is the law in effect at the time of the change of condition and *not* the law in effect at the time of the injury; *nor* is it the law in effect at the time of the original award, which merger would otherwise dictate to be applicable. In the *Morris* case, the amendment cut against the claimant, and in the instant case it cuts in Claimant's favor. Such is the legislative prerogative in limiting or extending statutory rights to relief under the Workers' Compensation Act. An amended limitation period cannot, however, be applied retroactively to an accrued right. *See Magnolia Petroleum Co. v. Watkins,* 177 Okla. 30, 57 P.2d 622 (1936).[1]

---

1. In *Watkins,* the court stated that the issue presented for disposition was whether the 1933

amendment was retroactive or prospective, and discussed legal authority dealing with statutes of

■ Under the record before us, Claimant's change of condition to her great toe *and foot* was medically determined on December 7, 1987, at which time 85 O.S.Supp. 1989 § 43(C) was in effect. Her motion for change of condition was filed about 150 weeks after the original award which was well within "the maximum number of weeks [200] that could [have been] awarded for the particular scheduled member [foot] where the change of condition occurred." Accordingly, the denial of the motion on grounds it was time barred is reversed, and this cause is remanded for the trial court to enter an award for change of condition not to exceed ten percent permanent partial disability to the foot.

BRIGHTMIRE, C.J., and STUBBLEFIELD J., concur.

limitation. The court found no impermissible retroactive effect on the accrued change of condition *because the motion to reopen was filed within the period prescribed by the amendment* following its effective date. In other words, this holding treats the time for filing the motion to reopen as a condition of the right and not as a statute of limitation.