The CHARLES MACHINE WORKS,
INC., an Own Risk Insurance
Carrier, Petitioner,

v.

Loren QUICK and The Workers'
Compensation Court,
Respondents.

No. 78972.

Supreme Court of Oklahoma.

April 27, 1993.

M. Thad Groom, McKinney, Stringer &
Webster, P.C., Oklahoma City, for petition-
er.

Fred L. Boettcher, Walt Brune, Boettch-
er & Brune, Ponca City, for respondents.

HARGRAVE, Justice.

The Court of Appeals sustained the trial
authority's award of workers' compensa-
tion benefits to claimant. Claimant on ap-
peal requested appeal-related attorney's
fees under 20 O.S.1991 § 15.1 and the
Court of Appeals held that appellate attor-
ney's fees and costs should be taxed
against employer. Employer sought certio-
rari to this Court seeking only for review
of the award of appeal-related attorney's
fees pursuant to 20 O.S.1991 § 15.1 based
upon Court of Appeals' finding that em-
ployer's appeal was patently frivolous and
without merit. Employer did not seek re-
view of remainder of Court of Appeals'
opinion. We granted certiorari and our
review is limited to the question of appeal-
related attorney's fees. Certiorari not hav-
ing been sought as to the remainder of the
opinion, we do not disturb the Court of
Appeals' opinion *except for* the award of
appeal-related attorney's fees, which we va-
cate.

Section 15.1 provides:

"On any appeal to the Supreme Court, the prevailing party may petition the court for an additional attorney fee for the cost of the appeal. In the event the Supreme Court or its designee finds that the appeal is without merit, any additional fee may be taxed as costs."

The trial authority in this workers' compensation case awarded benefits to claimant for permanent partial disability and injury to his back, even though claimant had lost no wages and no time from the job, and continued to perform his normal duties. Employer appealed, relying on *Crocker v. Crocker,* 824 P.2d 1117 (Okla.1991), in arguing that workers' compensation benefits relate to loss of earning capacity and not to an employee's physical disability. Because the uncontroverted evidence showed that claimant suffered no actual loss of wages or earning capacity, employer argued that trial authority erred in awarding benefits.

The Court of Appeals rejected employer's arguments, noting that *Crocker* was a divorce case involving whether a lump sum award of workers compensation was divisible as a marital asset. The Court of Appeals held that claimant need not prove loss of earning capacity or actual loss of wages to recover under the workers' compensation act and sustained the trial authority, citing *Crocker* at p. 1121, *Lee Way Motor Freight, Inc. v. Highfill,* 429 P.2d 745 (Okla.1967) and other cases. Claimant also sought appeal-related attorney's fees, and the Court of Appeals, citing *TRW/Reda Pump v. Brewington,* 829 P.2d 15, 22–23 (Okla.1992), as their standard, held that employer's action for review was patently frivolous and without merit, warranting an award of appellate attorney's fees and costs taxed against employer under 20 O.S. § 15.1.

We find that the Court of Appeals erred in awarding appeal-related attorney's fees under § 15.1. Employer's appeal was not "wholly without merit" nor were there "no debatable issues upon which reasonable minds might differ." *Brewington, supra.* In *Crocker v. Crocker,* in discussing whether lump sum workers' compensation

disability award was divisible as a marital asset, we said: "Compensation is not paid to reimburse for injuries sustained. It is awarded for compensation in lieu of wages during the duration of the impairment." Numbered paragraph seven of the opinion began: "Because our workers' compensation law characterizes awards as money in lieu of wages ..." In *Crocker* we held that a lump sum workers' compensation disability award is marital property only to the extent that it compensates for the couple's loss of income during the marriage; to the extent it compensates for post-divorce loss of earnings it is separate property. We stated that workers' compensation and disability insurance are both forms of deferred compensation, citing *Christmas v. Christmas,* 787 P.2d 1267–1268 (Okla.1990).

In *TRW/Reda Pump v. Brewington,* 829 P.2d 15 (Okla.1992), we found the appeals in three of the consolidated cases were patently frivolous and, in the three other consolidated cases, that they were not. *Brewington* was one of the appeals held not frivolous because "in light of at least two recent cases concerning causation questions in lung and/or respiratory impairment cases we are unable to say this issue had no reasonable legal or factual basis, although it was unsuccessful in the Court of Appeals." *Brewington* at p. 31.

We find that employer's appeal was not patently frivolous and without merit so as to warrant an award of appeal-related attorney's fees under § 15.1. Employer defended on the theory that where there was no loss of earning capacity and no loss of wages, it was error for court to award benefits. Language in *Crocker* supported employer's argument. Although employer's reliance upon language in *Crocker* was misplaced and did not prevail on appeal, the appeal was not without debatable issues on which reasonable minds might differ. *Brewington,* 829 P.2d at p. 23. We therefore vacate only that portion of the Court of Appeals' opinion that purports to award appeal-related attorney's fees to claimant. In all other respects, the Court of Appeals' opinion shall stand as promulgated. We

also deny claimant's request for further appellate attorney's fees on certiorari.

**CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, WE VACATE THE OPINION OF THE COURT OF APPEALS ONLY INSOFAR AS IT PURPORTS TO AWARD APPEAL–RELATED ATTORNEY'S FEES TO CLAIMANT. IN ALL OTHER RESPECTS, THE OPINION OF THE COURT OF APPEALS SHALL STAND AS PROMULGATED. THE APPLICATION FOR APPEAL–RELATED ATTORNEY'S FEES IS DENIED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

WATT, J., dissents.