**CABLE VISION OF MUSKOGEE and American Manufacturers Mutual Insurance, Petitioners,**

v.

**Thomas F. TRACY and the Workers' Compensation Court, Respondents.**

**Number 82155.**

Court of Appeals of Oklahoma, Division No. 3.

April 12, 1994.

Certiorari Denied June 7, 1994.

---

Wilson T. White, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for petitioners.

Richard A. Bell and William C. Doty, Norman, for respondents.

## OPINION

GARRETT, Vice Chief Judge:

Respondent, Thomas F. Tracy (Claimant) filed his Form 3 in the Workers' Compensation Court on March 3, 1986, alleging he sustained an accidental injury arising out of and in the course of his employment with Petitioner, Cable Vision of Muskogee (Employer). He alleged he injured his back and ribs on January 10, 1986, while unloading cable from a trailer. On December 18, 1986, the trial court entered an order, finding Claimant sustained 9 per cent permanent partial disability to the body as a whole due

to injury to the back and 3 per cent permanent partial disability to the body as a whole due to injury to his fractured ribs.

On August 1, 1989, Claimant filed a Form 9, motion to reopen on change of condition. Employer objected, claiming Claimant's doctor, who did not examine Claimant initially, failed to compare the previous findings on the motion to reopen. Employer also alleged Claimant had been working the past two years and there was no change of condition. On November 15, 1989, the trial court entered an order, denying the motion to reopen, finding no increase in disability as a result of the January 10, 1986, injury.

On October 27, 1992, Claimant filed another Form 9, requesting temporary disability, medical treatment, permanent partial disability compensation, future medical treatment, rehabilitation, and to reopen on a change of condition. Employer raised the defense of statute of limitations.

The trial court entered its order April 9, 1993, finding Claimant had sustained a change in physical condition for the worse as a result of the January 10, 1986 injury to the back. The court found Claimant was then 34 per cent permanently partially disabled to the body as a whole due to injury to the back with subsequent surgery, an increase of 25 per cent. The court made the finding that the claim to reopen on change of condition was not barred by the statute of limitations.

Employer appealed the order to the Court *En Banc.* On July 16, 1993, the three judge panel affirmed the trial court, finding the order was not against the clear weight of the evidence or contrary to law. The three judge panel vacated its order and entered another order on appeal, identical in substance, on August 2, 1993. This review proceeding followed.

■ The law governing reopening claims for change of condition is the law in effect at the time of the change of condition, rather than the law in effect at the time of the injury or the law in effect at the time of the original award. *Wolfenbarger v. Safeway Stores, Inc.,* 798 P.2d 1093, 1094 (Okl.App. 1990) (Cert. denied 1990). The applicable statute of limitations, as amended in 1986, is found at 85 O.S.1991 § 43(C):

C. The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred, or for three hundred (300) weeks in the case of injuries to the body or injuries not otherwise scheduled under the provisions of Section 22 of this title, and unless filed within said period of time after the date of *the last order,* shall be forever barred.

Employer argues that the motion to reopen, filed October 27, 1992, was untimely filed because it was filed 305 weeks after the original order was entered in 1986. Employer quotes the version of § 43 in effect before its revision in 1986. The pertinent portion of the former statute provided:

The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have been awarded by the Court had the condition of claimant existed *at the time original award was made thereon* and unless filed within said period of time, same shall be forever barred. (Emphasis added).

Employer contends that a comparison of the two statutes clearly shows the Legislature's intent to limit, or shorten, the period for filing a motion to reopen a claim from 500 weeks to 300 weeks. It argues, in effect, that the 300 weeks must be calculated from the last order *awarding* compensation for permanent impairment, because a claimant could otherwise perpetuate a workers' compensation claim indefinitely by alleging a motion to reopen due to change in condition every five years.

■ A statute of limitation defense is not independently reviewed or considered a jurisdictional question. It is treated as a true affirmative defense, and a trial tribunal's factual determination on the issue will not be disturbed on review if reasonably supported

by the evidence. *Special Indem. Fund v. Choate,* 847 P.2d 796, 804 (Okl.1993). The burden of proof is on the party asserting the defense to show the claim is time-barred by the applicable statute of limitations. *Id.*

In construing common words in a statute, we must assume the legislature intended for such words to have the same meaning as that attributed to them in ordinary and usual parlance, in the absence of a contrary definition of common words. *Land v. Transport Indem. Co.,* 791 P.2d 118 (Okl. App.1990). We must assume the legislature expressed what it intended and intended what it expressed. *Land v. Transport Indem. Co.,* supra, citing *Darnell v. Chrysler Corporation,* 687 P.2d 132 (Okl.1984). Additionally, when legislative intent is plainly expressed in a statute, there is no room for further inquiry. *Land v. Transport Indem. Co.,* supra, citing *Hughes Drilling Co. v. Morgan,* 648 P.2d 32 (Okl.1982). The legislature's use of the phrase "the last order" in § 43(C), currently in effect, shows a change from the earlier statute which referred to the "original award". The legislature could not have intended the common words, "the last order", to mean anything besides "the last order" entered in the case. We are guided further by a statement by the Supreme Court in *White v. Weyerhaeuser Co.,* 798 P.2d 623, 627, n. 7 (Okl.1990):

> We have ruled a finding by the compensation court a worker has sustained no permanent disability does not preclude reopening the matter for change of condition as long as an accidental injury was suffered during employment. *Parsons v. State Industrial Court,* 372 P.2d 27, 30 (Okl.1962). See also *Southwest Stone Company v. Washington,* 381 P.2d 872, 874–876 (Okl.1963). *Southwest Stone* was a cumulative injury case where we made clear a worker could file a claim for compensation even though he has no present compensable disability. If the award is denied for want of compensable disability the matter may be reopened if his condition should change during the times fixed by § 43 for reopening the matter....

*White v. Weyerhaeuser Co.* was a case dealing with the five-year statute in which a claim must be prosecuted and is not directly in point to the instant case. However, the significance of the Supreme Court's statement is that if the Workers' Compensation Court has jurisdiction over the claim because an accidental injury occurred during employment, that jurisdiction continues when there is a change of condition. We presume the legislature knew that when it amended § 43(C). We hold the phrase "the last order" in 85 O.S.1991 § 43(C) means the previous order entered, whether or not there was an award granted, once it has been shown an accidental injury arising out of and in the course of employment has been sustained by the claimant. In the instant case, Claimant's motion to reopen was filed within 300 weeks of the order denying his motion to reopen and was timely filed.

In this case, the "last order" was an order on the merits of the motion to reopen. The court found there was no increase in disability and no change for the worse due to the previous injury. In other words, the "last order" was substantive and was not procedural. We express no opinion as to whether the "last order" must be substantive, as distinguished from procedural, as that issue is not before us in this proceeding, and leave it for decision on another day.

Having decided the motion to reopen was timely filed, we now turn to the issue of whether there is competent evidence to support the order reopening the claim. As noted by Claimant, Employer did not object at trial to Claimant's medical evidence on the basis of competency or admissibility, only as to probative value as to a 2% discrepancy in impairment. The trial court found Claimant sustained less disability than Dr. M., Claimant's medical expert, and Claimant is not seeking review of the extent of the disability awarded. The trial court's order is supported by competent evidence.

Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack the support of any competent evidence. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984). It is only when factual findings are not supported by any competent evidence that the trial court's decision may

be determined to be erroneous as a matter of law. *Parks,* supra. There was competent evidence to support the trial court's order reopening the claim and awarding additional compensation for a changed condition for the worse due to the original injury.

ORDER SUSTAINED.

HUNTER, P.J., and BAILEY, J., concur.