1997 OK 56

**Larry WHITLOCK, Appellant,**

v.

**BOB MOORE CADILLAC, INC., a Kansas corporation, Appellee.**

**No. 83217.**

Supreme Court of Oklahoma.

April 29, 1997.

Jerry Colclazier, Colclazier & Associates, P.C., Seminole, for Appellant.

Kurt Rudkin and C. Craig Cole, Cole, Johnson & Rudkin, Oklahoma City, for Appellee.

SIMMS, Justice:

¶ 1 Purchasers entered into a written contract for the purchase of 1986 Cadillac automobile from the seller Bob Moore Cadillac, Inc. The agreed purchase price was $5,943.50, which included a $48.50 documentary fee, and an extended warranty for $950.00. The purchaser's initial application for bank financing was unexpectedly rejected by the bank, after having been preliminarily approved. The purchasers' second application, also reflecting the agreed purchase price of $5,943.50 was subsequently approved, after the purchasers had taken possession of the automobile. The purchasers then consulted a lawyer and filed this lawsuit.

¶ 2 Defendant Bob Moore Cadillac moved for summary judgment and plaintiff also moved for summary judgment. The trial

court sustained defendant's summary judgment, awarded defendant attorney fees and costs, and denied plaintiff counter-motion for summary judgment.

¶ 3 Summary judgment materials showed that except for the embarrassment of the rejected credit application, necessitating the parties' agreed, written modification of the original purchase contract, the buyers received precisely that for which they had bargained, and had incurred no monetary damages. This aspect of the trial court's decision has been adequately addressed by the opinion of the Court of Civil Appeals in this cause, and is consistent with our own examination of the summary judgment record, and we decline to disturb it.

¶ 4 We grant certiorari for the sole purpose of addressing the appropriateness of an attorney's award fee to defendant as the prevailing party under the circumstances of this case.

■ ¶ 5 The record reflects that although this action primarily sounded in tort, upon allegations of fraud, the plaintiffs also attempted to state a claim for the violation of the Oklahoma Consumer Protection Act (the "Act"), 15 O.S.1991 § 751 et seq. The Act includes a specific provision at § 761.1(A) for the award of an attorney's fee:

> ... in any private action for damages for a violation of the Consumer Protection Act, the court shall, subsequent to adjudication on the merits and upon motion of the prevailing party, determine whether a claim or defense asserted in the action by a non-prevailing party was asserted in bad faith, was not well grounded in fact, or was unwarranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Upon so finding, the court shall enter a judgment ordering such non-prevailing party to reimburse the prevailing party an amount not to exceed $10,000 for reasonable costs, including attorney's fees, incurred with respect to such claim or defense.

We have not heretofore considered an application of the above-quoted statutory language. But similar language in a statute applicable to the appellate arena, 20 O.S.1991 § 15.1 is instructive. That statute purports to authorize an attorney's fee for appeal-related services in favor of the prevailing party, in the event the appeal is found to be without merit. The recovery of such a statutory fee is an exception to the general rule, and subject to strict interpretation. *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648 (Okl. 1991). Out of concern that the recovery of an attorney's fee might have a chilling effect on the right of access to the courts, posing an impediment to the filing of arguably meritorious, but ultimately unsuccessful appeals, we have consistently held that in order to recover an appeal-related attorney's fee under § 15.1, it is not enough that an appeal be unsuccessful; rather, it must be shown that the appeal have absolutely no legitimate legal factual basis, and be so totally devoid of merit as to be regarded as patently frivolous. All doubts as to whether the appeal might be frivolous must be resolved in favor of the appellant. *TRW/Reda Pump v. Brewington*, 829 P.2d 15 (Okl.1992).

¶ 6 More recently, we have considered 78 O.S.1991 § 89, the statute allowing the recovery of an attorney's fee for the bad-faith filing of a claim for misappropriation of trade secrets. In *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091 (Okl.1996), we held that the recovery of a fee was dependent on a showing of some oppressive, abusive or wasteful purpose. The correct focus of the inquiry was the intent of the person filing the claim, rather than the quality or quantity of the evidence, or the ultimate success or failure of the claim. The record there contained evidence that the claim for misappropriation of trade secrets had been brought to drive a competitor out of business, thus justifying the trial court's award.

¶ 7 The language of the statute involved in the case at bar makes no distinction between claims which are "Not well grounded in fact" and those that are asserted in bad faith, or are unwarranted under existing law. We view this statute as being substantially similar to 20 O.S.1991 § 15.1, concerning appeals which are found to be "without merit," such that we should place a similar interpretation on the practical effect of the statute, and to award an attorney's fee only upon a showing

of bad faith, as discussed in *Green Bay, supra.*

¶ 8 Here, we recognize that the multiple sales contracts in this case, with their differing down-payment amounts, amounts financed, and pay-out terms have produced the sort of confusion that a disenchanted purchaser might easily translate into a conviction that he had somehow been cheated.

¶ 9 Under these circumstances, the unsuccessful pursuit of a fancied remedy through trial and appellate courts, without more, cannot be characterized as frivolous, or in bad faith, and in the absence of a showing that the purchasers were motivated by an improper purpose, such as a desire to ruin the seller's business, the award of an attorney's fee was error. The statute does not support an attorney's fee grounded on no more than prevailing-party status.

¶ 10 We accordingly reverse the district court's award of an attorney's fee to Bob Moore Cadillac. In all other respects, the decisions of the district court, and of the Oklahoma Court of Civil Appeals are left undisturbed.

¶ 11 KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, OPALA, ALMA WILSON, and WATT, JJ., concur.

¶ 12 HARGRAVE, J., concurs in part, dissents in part.