2005 OK 78

**KING MANUFACTURING, and Compsource Oklahoma, Petitioners,**

v.

**Darrell MEADOWS, and The Workers' Compensation Court, Respondents.**

**No. 100,725.**

Supreme Court of Oklahoma.

Nov. 1, 2005.

---

Donald A. Bullard, Oklahoma City, OK, for Petitioners.

Joe Farnan Purcell, Oklahoma, Barry K. Roberts, Norman, OK, for Respondents.

KAUGER, J.

¶ 1 The primary issue presented is whether a workers compensation award for a change in condition is subject to statutory limits in effect at the time of the initial injury or when the change in condition is discovered. Title 85 O.S. Supp.1995 § 22(7),[1] the statute in effect when the change in condition in the present cause was discovered, limits the sum of all permanent partial disability awards to 100% for an individual. The 100% limits are absent from the version of § 22(7), which was in effect at the time of the initial injury.[2] We are also asked to determine

---

1. Title 85 O.S. Supp.1995 § 22(7) provides in pertinent part:

   "... The sum of all permanent partial disability awards, including awards against the Special Indemnity Fund, shall not exceed one hundred percent (100%) permanent partial disability for any individual. Any individual may not receive more than five hundred twenty (520) weeks' compensation for permanent partial disability, but may receive other benefits under the Workers' Compensation Act if otherwise eligible as provided in the Workers' Compensation Act."

2. Title 85 O.S.1991 § 22(7), the statute in effect at the time of the original injury, provides:

   "Previous Disability. The fact that an employee has suffered previous disability or impairment or received compensation therefor shall not preclude him from compensation for a later accidental personal injury or occupational disease; but in determining compensation for the later accidental personal injury or occupational disease his average weekly wages shall be such sum as will reasonably represent his earning capacity at the time of the later accidental personal injury or occupational dis-

whether appeal-related attorney fees should be awarded because the appeal was frivolous.

■ ¶ 2 We hold that: 1) an award of permanent disability for a change in condition is governed by the statutory language in effect at the time of the initial injury; and 2) appeal-related attorney fees are not warranted.

## UNDISPUTED FACTS

¶ 3 On May 8, 1992, the respondent, Darrell Meadows (employee) was injured in a work related accident while working for King Manufacturing (employer) in Duncan, Oklahoma. The employee injured his arm, shoulders, chest, neck, and leg, when he and two co-workers attempted to carry a 600 pound pipe.

■ ¶ 4 On February 1, 1995, the workers compensation court determined that the employee had sustained a 57% permanent partial disability [3] to the body as a whole, and that impairment was added to previously-adjudicated impairments of 59% resulting in a total sum of 116%.[4] On July 27, 1995, the workers compensation court awarded the employee permanent total disability against the Special Indemnity Fund.[5]

¶ 5 By June 4, 1996, the employee became aware that his condition had deteriorated. Consequently, on September 13, 1996, he filed a motion, requesting additional benefits due to the change in condition. Various hearings and orders [6] culminated in an order from the workers' compensation court filed September 10, 2003, in which the employee's request for a determination of additional impairment was denied. The court held that: 1) the law governing reopening of claims for a change in condition is the law in effect when a change in condition is discovered, rather than the law in effect at the time of the original injury or at the time of the original award; and 2) pursuant to the law in effect when the change in condition was discovered, 85 O.S. Supp.1995 § 22(7),[7] the sum of all of the employee's permanent partial disability awards could not exceed 100%.

¶ 6 On December 1, 2003, a three-judge panel of the workers' compensation court reversed the trial court and ordered it to apply the law in effect at the time of the original injury without regard to the 100% limit. On May 5, 2004, the workers' compensation court awarded the employee additional compensation for impairment based upon the change of condition.[8] The employer appeal-

---

3.　Permanent partial disability refers to a decrease in wage earning capacity. *George E. Failing Co. v. Watkins*, 2000 OK 76, ¶ 1, n. 5, 14 P.3d 52; *Roberts v. Matrix Services, Inc.*, 1993 OK 148, ¶ 9, 863 P.2d 1242.

4.　Title 85 O.S.1991 § 22(7), see note 2, supra.

5.　The July 27, 1995, order provides in pertinent part:

"... THAT claimant's rate of compensation for permanent partial disability is $185.00; that by reason of the latest injury, claimant has sustained 57 percent permanent partial disability to the BODY AS A WHOLE, and by reason of said previous impairment claimant sustained

ease. In the event there exists a previous impairment which produced permanent disability and the same is aggravated or accelerated by an accidental personal injury or occupational disease, compensation for permanent disability shall be only for such amount as was caused by such accidental personal injury or occupational disease and no additional compensation shall be allowed for the pre-existing disability or impairment."

59.5 percent permanent partial disability to the BODY AS A WHOLE.

THAT due to the claimant's most recent injury on MAY 8, 1992, in combination with all prior injuries and the material increase resulting therefrom, the claimant is now *PERMANENTLY AND TOTALLY DISABLED ....*" (Emphasis in original.)

6.　On April 14, 1997, the workers' compensation court issued an order finding a change in condition for the worse to the right and left shoulder and awarding additional temporary total disability benefits. The order was appealed and modified in part by a three-judge panel. The three-judge panel ruling was appealed and affirmed on September 8, 1998, by the Court of Civil Appeals in an unpublished opinion. Another order was filed on December 21, 1998, awarding additional temporary total disability benefits. On August 18, 1999, an order finding a change in condition to the cervical spine and authorizing medical treatment was entered.

7.　Title 85 O.S. Supp.1995 § 22(7) see note 1, supra.

8.　In the workers' compensation court's order dated May 5, 2004, the trial court expressly disa-

ed. The Court of Civil Appeals vacated and reversed the trial court. We granted certiorari on June 20, 2005.

## I.

**¶ 7 AN AWARD OF PERMANENT DISABILITY FOR A CHANGE IN CONDITION IS GOVERNED BY THE STATUTORY LANGUAGE IN EFFECT AT THE TIME OF THE INITIAL INJURY.**

■ ¶ 8 The employer argues that the statutory limits in effect at the time the employee's change in condition is discovered apply, and that the permanent partial disability award must be limited to a total of 100%. It finds support in two non-precedential opinions [9] released for publication by the Court of Civil Appeals, *Cable Vision of Muskogee v. Tracy*, 1994 OK CIV APP 57, 876 P.2d 743 and *Wolfenbarger v. Safeway Stores, Inc.*, 1990 OK CIV APP 65, 798 P.2d 1093.[10]

¶ 9 The employee insists that, because the amount of benefits to which he is entitled affects a substantive right, the statute in effect at the time of his original injury governs. He contends that *Cable Vision* and *Wolfenbarger* are factually distinguishable because they involve the *procedural* question of the timeliness of a motion to reopen, rather than the *substantive* question of the amount of benefits a claimant is entitled to receive. We agree.

¶ 10 Both *Cable Vision of Muskogee v. Tracy*, supra, and *Wolfenbarger v. Safeway Stores, Inc.*, supra, involved the reopening of a workers' compensation claim based on a change of condition and a change in the applicable statute of limitations, 85 O.S.1991 § 43,[11] subsequent to the claimants' initial injuries. In discussing which version of the statute applied, the appellate court held, in both cases, that the law governing the timeliness of reopening a claim for change of condition is the law in effect at the time of the change of condition for the worse, rather than the law in effect at the time of the injury or the law in effect at the time of the original award. *Cable Vision* and *Wolfenbarger* are distinguishable from the situation presented here. They deal with the timeliness of a filed motion to reopen a claim and they address the statute of limitations to be applied. Both *Cable Vision* and *Wolfenbarger* concerned the *procedural* question of the

greed with the three-judge panel's application of the law, but nevertheless complied with the panel's mandate.

9. Opinions released by the Court of Civil Appeals are merely persuasive lacking any precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S.2001 Ch. 15, App. 1; 20 O.S.2001 § 30.5; 20 O.S.2001 § 30.14.

10. The employer also relies on *Ottema v. Wyoming Worker's Compensation Division*, 968 P.2d 41 (Wyo.1998) and *Nielsen v. Wyoming Workers' Compensation Division*, 806 P.2d 297 (Wyo. 1991). We find these cases unconvincing and inconsistent with controlling Oklahoma law.

11. *Cable Vision of Muskogee v. Tracy*, 1994 OK CIV APP 57, 876 P.2d 743 involved a change in 85 O.S.2001 § 43 from the law in effect in 1986 to the law in effect at the time of the change in condition in 1992. The applicable version in 1986, 85 O.S.1981 § 43 provides in pertinent part:

"The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for the maximum period of time measured by the number of weeks for which compensation could have

been awarded by the Court had the condition of claimant existed at the time original award was made thereon and unless filed within said period of time, same shall be forever barred...."

The applicable version in 1992, 85 O.S.1991 § 43 provides in pertinent part:

"... C. The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the particular scheduled member where the change of condition occurred, or for three hundred (300) weeks in the case of injuries to the body or injuries not otherwise scheduled under the provisions of Section 22 of this title, unless filed within said period of time after the date of the last order, shall be forever barred...."

*Wolfenbarger v. Safeway Stores, Inc.*, 1990 OK CIV APP 65, 798 P.2d 1093 involved the same statute and a change from the version which governed the original injury in 1983, see 85 O.S.1981 § 43, this note, supra, and an amendment in 1989 which provides in pertinent part:

"... The jurisdiction of the Court to reopen any cause upon an application based upon a change in condition shall extend for that period of time measured by the maximum number of weeks that could be awarded for the partic-

timeliness of a motion to reopen. Here, the issue concerns the *substantive* question of the amount of benefits a claimant is entitled to receive.[12]

■ ¶ 11 The general rule is that the law in effect at the time of an employee's injury controls in workers' compensation matters.[13] A compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter.[14] The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of injury. The statutes then in force form a part of the contract and determine the substantive rights and obligations of the parties.[15] No subsequent amendment can operate retrospectively to affect in any way the rights and obligations which are fixed.[16]

■ ¶ 12 In *Cole v. Silverado Foods, Inc.*, 2003 OK 81, 78 P.3d 542, the Court discussed the impact of after-enacted legislative changes to an employee's compensation

rights and benefits. *Cole* involved a claimant whose statutorily allowed time-span to request a hearing for an adjudication of the workers' compensation claim was shortened during the pendency of the claim.[17] The Court noted that statutes which relate solely to remedies and affect only modes of procedure are generally held to operate retroactively and apply to pending proceedings. However, statutes which affect a parties' substantive rights and liabilities are shielded from amendatory change by the terms of the Okla. Const. Art. 5, § 54.[18]

¶ 13 The Court went on to recognize that after-enacted legislation that *increases or diminishes* the amount of recoverable compensation or alters the elements of the claim or defense by imposition of new conditions affects the parties' substantive rights and liabilities. Retroactive application of an amendment affecting such matured rights would materially abridge an employee's right to press for unrecovered elements of a claim.

¶ 14 Although *Cole* dealt with a different statute than the one at issue in the present

ular scheduled member where the change of condition occurred...."

12. See, *George E. Failing Co. v. Watkins*, see note 3, supra at ¶ 6, wherein the Court recognized that *Wolfenbarger v. Safeway Stores, Inc.*, 1990 OK CIV APP 65, 798 P.2d 1093 was inapplicable to matters other than the application of the limitation period of 85 O.S.1991 § 43, see note 11, supra. For the same reasons, *Arrow Tool & Gauge v. Mead*, 2000 OK 86, ¶ 7, 16 P.3d 1120 and *Earl Baker & Co. v. Morris*, 1935 OK 591, 54 P.2d 353 are inapplicable as well.

13. Title 85 O.S.2001 § 3.6(F) provides:
"Benefits for an injury shall be determined by the law in effect at the time of the injury; benefits for death shall be determined by the law in effect at the time of death."
*Amos v. Spiro Public Schools*, 2004 OK 4, ¶ 10, 85 P.3d 813; *Batt v. Special Indemnity Fund*, 1993 OK 163, ¶ 9, 865 P.2d 1244; *Special Indemnity Fund v. Archer*, 1993 OK 14, ¶ 9, 847 P.2d 791; *Knott v. Halliburton Services*, 1988 OK 29, ¶ 4, 752 P.2d 812.

14. *Batt v. Special Indemnity Fund*, see note 13, supra; *Knott v. Halliburton Services*, see note 13, supra; *Lee Way Motor Freight, Inc. v. Wilson*, 1980 OK 48, ¶ 7, 609 P.2d 777.

15. *Knott v. Halliburton Services*, see note 13, supra; *Lee Way Motor Freight, Inc. v. Wilson*, see

note 14, supra at ¶ 8; *Magnolia Petroleum v. Watkins*, 1936 OK 372, ¶ 5, 57 P.2d 622.

16. *Batt v. Special Indemnity Fund*, see note 13, supra; *Knott v. Halliburton Services*, see note 13, supra; *Lee Way Motor Freight, Inc. v. Wilson*, see note 14, supra.

17. See, 85 O.S. Supp.1994 § 43(B) provides in pertinent part:
"When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within five (5) years from the date of filing thereof or within five (5) years from the date of filing thereof or within five (5) years from the date of last payment ..."
The statute was amended in 1997 to provide in pertinent part:
"When a claim for compensation has been filed with the Administrator as herein provided, unless the claimant shall in good faith request a hearing and final determination thereon within three (3) years from the date of filing thereof or within three (3) years from the date of last payment...."

18. The Okla. Const. Art. 5, § 54 provides:
"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or

cause, the same rationale applies where a change in the statute clearly affects employees' substantive rights regarding the amount of the recoverable compensation. This rationale is further illustrated in *Rivas v. Parkland Manor*, 2000 OK 68, 12 P.3d 452, where 85 O.S. Supp.1995 § 22(7)[19] was upheld against a worker's claim that the provision violated the federal equal protection clause and the state constitutional right for remedy guarantee.

¶ 15 The *Rivas* claimant had previous permanent partial disability adjudications which occurred prior to the 1995 change totaling 99.85%. In 1997, the claimant sustained a *new* work-related injury to his shoulder. The court recognized that § 22(7) did not disturb any of the worker's existing or vested rights because his cause could not be maintained prior to the date of injury in 1997. Had the worker in *Rivas* been injured before the statutory amendment to § 22(7), he would have been entitled to the remedy under the pre–1995 statute.

¶ 16 Here, the provisions of 85 O.S.1991 § 22(7)[20] afforded the employee matured rights to permanent partial disability awards which remain unaffected by subsequent amendments limiting the amount of compensation recoverable. Accordingly, we hold that under the facts presented, the award of permanent disability for a change in condition is governed by the statutory language in effect at the time of the initial injury, rather than the statutory limits in effect when the change in condition was discovered.

## II.

### ¶ 17 APPEAL–RELATED ATTORNEY FEES ARE NOT WARRANTED.

■ ¶ 18 The employee seeks appeal-related attorney fees, arguing that the employers' appeal was frivolous and without merit, citing *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 14, 829 P.2d 15. In *Brewington*, the Court announced the standards for the imposition of an attorney fee award for lodging a patently frivolous appeal within the meaning of 20 O.S.2001 § 15.1.[21] A patently frivolous appeal is one having no legitimate legal or factual basis and is so totally devoid of merit as to be regarded as facially unworthy of consideration.[22] All doubts concerning whether the appeal is frivolous must be resolved in the appellant's favor.[23] This appeal does not appear to be frivolous nor lacking in merit. Consequently, an award of appeal-related attorney fees is not warranted.[24]

### CONCLUSION

■ ¶ 19 The terms of the Okla. Const., Art. 5, § 54[25] protect matured rights from the effects of after-enacted legislative change.[26] After-enacted legislation that increases or diminishes the amount of recoverable compensation or alters the elements of the claim or defense by imposition of new conditions affects the parties' substantive rights and liabilities.[27] The statute in effect at the time of the initial injury governs a claimant's award of permanent disability for a change in condition. Additionally, a patently frivolous appeal is one having no legitimate legal or factual basis and is so totally devoid of merit as to be regarded as facially

penalty incurred, or proceedings begun by virtue of such repealed statute."

**19.** Title 85 O.S. Supp.1995 § 22(7), see note 1, supra.

**20.** Title 85 O.S.1991 § 22(7), see note 2, supra.

**21.** Title 20 O.S.2001 § 15.1 provides:
"On any appeal to the Supreme Court, the prevailing party may petition the court for an additional attorney fee for the cost of the appeal. In the event the Supreme Court or its designee finds that the appeal is without merit, any additional fee may be taxed as costs."

**22.** *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 14, 829 P.2d 15. See also, *Whitlock v. Bob*

*Moore Cadillac, Inc.*, 1997 OK 56, ¶ 5, 938 P.2d 737.

**23.** *TRW/Reda Pump v. Brewington*, see note 22, supra.

**24.** See also, *Hough v. Hough*, 2004 OK 45, ¶ 15, 92 P.3d 695; *Charles Machine Works, Inc. v. Quick*, 1993 OK 54, ¶¶ 6–7, 851 P.2d 1075.

**25.** The Okla. Const. Art. 5, § 54, see note 18, supra.

**26.** *Cole v. Silverado Foods, Inc.*, 2003 OK 81, ¶ 16, 78 P.3d 542.

**27.** *Id.*

unworthy of consideration.[28] Because the appeal does not appear to be frivolous nor lacking in merit, an award of appeal-related attorney fees is not warranted.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT AFFIRMED.**

WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, EDMONDSON, COLBERT, JJ., concur.

TAYLOR, J., dissents.

**28.** *TRW/Reda Pump v. Brewington,* see note 22, supra.  See also, *Whitlock v. Bob Moore Cadillac,* *Inc.,* note 22, supra.