FILED
United States Court of Appeals
Tenth Circuit

June 9, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VANGUARD ENVIRONMENTAL,
INC.,

       Plaintiff - Counter -
       Defendant - Appellee,

    v.

DERMOT M. KERIN; UNITED
SERVICES ENVIRONMENTAL,
INC.,

       Defendants - Counter -
       Claimants - Appellants.

No. 07-5077

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D. Ct. No. 04-CIV-931-JHP(FHM))**

---

Michael C. Redman, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa,
Oklahoma, appearing for Appellant.

J. Patrick Mensching, Lyons, Clark & Mensching, Inc., Tulsa, Oklahoma,
appearing for Appellee.

---

Before **TACHA**, **EBEL**, and **MCCONNELL**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

Defendants-Appellants Dermot M. Kerin and United Services Environmental, Inc. ("United Services") appeal from the district court's order denying them attorneys' fees under Federal Rules of Civil Procedure 41 and 54. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I. BACKGROUND

Mr. Kerin was hired as a regulatory specialist by Plaintiff-Appellee Vanguard Environmental, Inc. ("Vanguard"), an environmental compliance consulting company, in July 1994. His employment agreement contained a covenant not to compete, a covenant not to solicit, and a covenant not to disclose confidential and proprietary information. Mr. Kerin resigned his position with Vanguard in January 1997.

In November 1999, Mr. Kerin founded United Services, also an environmental compliance consulting company. Shortly after Mr. Kerin began making sales calls, Vanguard's president, Michael Jameson, sent Mr. Kerin a letter reminding him of the terms of the employment agreement and accusing him of violating it in several respects. Approximately four years later, in November 2004, Vanguard filed a petition against Mr. Kerin and United Services in state court alleging various causes of action, including misappropriation of trade secrets in violation of the Oklahoma Uniform Trade Secrets Act ("OTSA"), Okla. Stat. tit. 78, § 85 *et seq.*, and deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act ("ODTPA"), Okla. Stat. tit. 78, § 51 *et*

*seq.* Invoking federal diversity jurisdiction, Mr. Kerin subsequently removed the case to federal district court.

Only one deposition—of Vanguard's president, Mr. Jameson—was conducted by the parties, and thereafter the defendants filed a motion for summary judgment. Vanguard filed a response to the defendants' motion, but a few days later filed a motion to dismiss the action with prejudice. The district court sustained Vanguard's motion to dismiss on December 5, 2006. The defendants filed a motion for attorneys' fees pursuant to Federal Rules of Civil Procedure 41 and 54. The district court denied the motion, finding that Vanguard did not bring the action in bad faith and there were no exceptional circumstances justifying an award of fees. The defendants timely appealed.

## II. DISCUSSION

A.    Bad Faith

We review for abuse of discretion the district court's denial of a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2). *Quigley v. Rosenthal*, 427 F.3d 1232, 1236 (10th Cir. 2005). Generally, a party seeking attorneys' fees under Rule 54(d)(2) must specify "the statute, rule, or other grounds entitling the [party] to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Here, the defendants seek attorneys' fees under two Oklahoma statutes.

For a claim brought under the OTSA, a court "may award reasonable attorney's fees to the prevailing party if . . . [a] claim of misappropriation is made

in bad faith." Okla. Stat. tit. 78, § 89(1). In an action brought under the ODTPA, the court "*may*, in its discretion, award reasonable attorneys' fees to the prevailing party," and if the court finds the plaintiff "acted in bad faith in instituting the action," it *must* award attorneys' fees to the prevailing party. *See* Okla. Stat. tit. 78, § 54(C) (emphasis added). We assume, without deciding, that the defendants are "prevailing parties" for purposes of Oklahoma law, as Vanguard conceded this point in the district court and has thus waived it on appeal.[1] *See Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc.*, 413 F.3d 1163, 1167 (10th Cir. 2005) (noting that arguments not made in the district court are waived on appeal). The only issue, therefore, is whether Vanguard pursued this action in bad faith.

Oklahoma courts generally find bad faith "when the claim was made for oppressive, abusive or wasteful reasons." *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.*, 932 P.2d 1091, 1099 (Okla. 1996) (quotation omitted). The court's inquiry focuses on "the *intent* of the actor who brought the claim," and "does not involve the quality or quantity of the evidence presented." *Id.* (emphasis added). For instance, in *Green Bay*, the Oklahoma Supreme Court held that the trial court did not err in awarding attorneys' fees based on bad faith when the record contained evidence that the plaintiff's intent in bringing a misappropriation

---

[1]In its response to the defendants' motion for attorneys' fees, Vanguard stated that "Defendants are correct in claiming they are 'prevailing parties' due to Vanguard's judicially-approved dismissal of its Petition."

claim was to drive the defendants out of business. *Id.*; *see also Whitlock v. Bob Moore Cadillac, Inc.*, 938 P.2d 737, 739 (Okla. 1997) ("[I]n the absence of a showing that the [plaintiffs] were motivated by an improper purpose, such as a desire to ruin the [defendant's] business, the award of an attorney's fee was error."). Here, the district court found simply that the "Defendants' allegations that Vanguard commenced this action in bad faith have not been substantiated."

As to Vanguard's misappropriation claim under the OTSA, the defendants point primarily to an alleged lack of evidence as the basis for bad faith. They argue that "there was no objective or subjective basis for the claim." As explained above, however, Oklahoma courts do not look to the quality or quantity of the evidence to determine the existence of bad faith. The defendants do not point to any evidence in the record that would indicate Vanguard's action was "motivated by an improper purpose." *See Whitlock*, 938 P.2d at 739. Absent such evidence, we cannot conclude that the district court abused its discretion.

The defendants' claim for attorneys' fees under the ODTPA is also based on an alleged lack of evidence that Mr. Kerin made false or misleading factual representations disparaging the goods, services, or business of Vanguard. *See* Okla. Stat. tit. 78, § 53(A)(8). But the defendants have failed to demonstrate that Vanguard acted with any illicit intent in bringing an action under the ODTPA. Moreover, the record contains evidence that Vanguard's president and sole shareholder honestly—even if incorrectly—believed that the defendants violated

the ODTPA.  Accordingly, the district court did not abuse its discretion in denying the defendants' motion for attorneys' fees based on the ODTPA.

B.    Exceptional Circumstances

Unless the plaintiff seeks to dismiss an action before the defendant files an answer or all parties stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The defendants argue that the district court erred in declining to award attorneys' fees as a term and condition of dismissal—a decision we review for abuse of discretion.  *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997).

A defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action with prejudice, however, absent "exceptional circumstances." *See id.* at 1528 ("[W]hen a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again.").  The defendants contend that Vanguard's action presents an exceptional circumstance because the action closely resembles a previously filed action against another former employee, Vanguard failed to substantiate its allegations, and Vanguard dismissed the action shortly before trial. They do not, however, cite any case where a court has found similar circumstances to be "exceptional."  Moreover, the instant case falls short of the type of circumstances we have indicated might be sufficient to award attorneys' fees.  *See*

*Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006) (stating that an example of an exceptional circumstance is "'when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system'" (quoting *Aerotech*, 110 F.3d at 1528)). Therefore, the district court did not abuse its discretion in declining to award attorneys' fees based on exceptional circumstances.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of attorneys' fees under Federal Rules of Civil Procedure 41 and 54.