OSCN Found Document:CARLOCK v. WORKERS' COMPENSATION COMMISSION

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 CARLOCK v. WORKERS' COMPENSATION COMMISSION
2014 OK 29
324 P.3d 408
Case Number: 112607
Decided: 04/17/2014
No. 112607 (Surviving Case No.); No. 112613 (Cons. w/No. 112607); No. 112653 (Cons. w/No. 112607)
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 29, 324 P.3d 408

KEVIN CARLOCK, and OLD GLORY INSURANCE, 
Petitioners,
v.
WORKERS' COMPENSATION COMMISSION, STATE OF OKLAHOMA, 
Respondent.

DONNA STUDEMAN, Petitioner,
v.
THE HONORABLE TROY WILSON, 
SR., in his Official Capacity only as Chairman of the Oklahoma Workers' 
Compensation Commission; THE HONORABLE DENISE ENGLE, in her Official Capacity 
only as Commissioner of the Oklahoma Workers' Compensation Commission; and THE 
HONORABLE ROBERT GILLILAND, in his Official Capacity only as Commissioner of the 
Workers' Compensation Commission, Respondents.
JOSE BARRERA, Petitioner,
v.
THE HONORABLE TROY WILSON, 
SR., in his Official Capacity only as Chairman of the Oklahoma Workers' 
Compensation Commission; THE HONORABLE DENISE ENGLE, in her Official Capacity 
only as Commissioner of the Oklahoma Workers' Compensation Commission; and THE 
HONORABLE ROBERT GILLILAND, in his Official Capacity only as Commissioner of the 
Workers' Compensation Commission, Respondents.


ORDER ASSUMING ORIGINAL JURISDICTION AND GRANTING 
RELIEF
¶1 Petitioners' applications to assume original jurisdiction are granted 
insofar as they seek declaratory relief to resolve an important public law 
controversy; that is, jurisdiction to review orders and awards made by the Court 
of Existing Claims for injuries occurring prior to February 1, 2014, pursuant to 
85A O.S.Supp.2013, § 400(A). 
Petitioners' applications to assume original jurisdiction are denied as 
premature insofar as they seek relief regarding the manner in which vacancies on 
the Court of Existing Claims are to be filled.
¶2 All aspects of the adjudication of claims for injuries occurring 
prior to February 1, 2014, are governed by the law in effect at the time of the 
injury, Article 5, § 54 of the Oklahoma Constitution; King Manufacturing v. 
Meadows, 2005 OK 78, 127 P.3d 584; 85AO.S.Supp.2013, § 
400(L), including the rights of the parties to seek review of an order or award 
(1) before a three-judge panel of the Court of Existing Claims, as successor to 
the Workers' Compensation Court, 85 
O.S.2011, § 340, 85A 
O.S.Supp.2013, § 400(D) and Rule 60, Rules of the Workers' Compensation 
Court, effective January 31, 2014, or (2) before the Supreme Court, either 
directly from an order or award of a trial judge, or after review by a 
three-judge panel, 85 O.S.2011, § 
340 and Rule 2 of the Rules of the Workers' Compensation Court, effective 
January 31, 2014. Because the Workers' Compensation Commission had no 
jurisdiction to review orders or awards prior to February 1, 2014, that tribunal 
cannot review an order or award made by the Court of Existing Claims for an 
injury occurring prior to February 1, 2014, pursuant to 85A O.S.Supp.2013, § 400(A), 
notwithstanding provisions in 85A 
O.S.Supp.2013, § 400(I) and (J) allowing review by the Workers' Compensation 
Commission.
DONE IN CONFERENCE BY ORDER OF THE SUPREME COURT THIS 17th DAY OF APRIL, 2014.

/S/CHIEF JUSTICE

¶3 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, 
TAYLOR, COMBS, and GURICH, JJ., concur.


TAYLOR, J., concurring.
"I fully concur in this Order but write further on the issue of possible 
appointments to fill any future vacancy on the Court of Existing Claims. That 
claim raises nothing but pure speculation and is most certainly not an issue 
ripe for judicial review today. It is also pure speculation to assume that the 
future caseload of the Court of Existing Claims would even justify the filling 
of any future vacancy. Attrition may be the prudent rule."





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 2014 OK 62, CARBAJAL v. PRECISION BUILDERS, INC.
Cited
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Supreme Court Cases Cite
Name
Level 2005 OK 78, 127 P.3d 584, KING MANUFACTURING v. MEADOWS
Discussed
Title 85. Workers' Compensation Cite
Name
Level 85 O.S. 340, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed
Title 85A. Workers' Compensation Cite
Name
Level 85A O.S. 400, Dissolution of the Workers' Compensation Court
Discussed at Length